AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of California

FILED
Jan 16 2024
Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

| United States of America | ) |
|---|---|
| v. | ) |
| WILMER CERRATO BARAHONA | )  Case No. 3:24-mj-70041 MAG |
|  | ) |
|  | ) |
|  | ) |
|  | ) |

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __November 24, 2023__ in the county of __San Francisco__ in the
__Northern__ District of __California__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1), (b)(1)(C) | Possession with intent to distribute a mixture or substance containing fentanyl |

This criminal complaint is based on these facts:
See attached affidavit of DEA Task Force Officer Domenico Discenza

☑ Continued on the attached sheet.

/s/
*Complainant's signature*

DEA TFO DOMENICO DISCENZA
*Printed name and title*

Approved as to form  /s/ Richard Ewenstein
AUSA  RE

Sworn to before me by telephone.

Date: 01/12/2024

/s/
*Judge's signature*

Hon. LISA CISNEROS
*Printed name and title*

City and state: San Francisco, CA

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANT

I, Domenico Discenza, a Task Force Officer with the Drug Enforcement Administration (DEA), being duly sworn, hereby declare as follows:

### INTRODUCTION

1. Pursuant to Rules 3, 4, and 4.1 of the Federal Rules of Criminal Procedure, I make this affidavit in support of an application for an arrest warrant and criminal complaint charging Wilmer CERRATO BARAHONA with a violation of 21 United States Code §§ 841(a)(1), (b)(1)(C).

2. As set forth in detail below, on or about November 24, 2023, CERRATO BARAHONA possessed with intent to distribute a mixture or substance containing a detectable amount of fentanyl.

### SOURCES OF INFORMATION

3. The facts in this affidavit come from my personal observations, my training and experience, information from records and databases, and information obtained from other agents, officers, and witnesses. Where statements made by other individuals (including other agents and law enforcement officers) are referenced in this Affidavit, such statements are described in sum and substance and in relevant part. Similarly, where information contained in reports and other documents or records is referenced in this Affidavit, such information is also described in sum and substance and in relevant part.

4. Because this Affidavit is submitted for the limited purpose of establishing probable cause for a criminal complaint and arrest warrant, I have not included every fact known to me about this case. Rather, I have set forth only the facts that I believe are necessary to support probable cause for a criminal complaint and arrest warrant. My understanding of the facts and circumstances of the case may evolve as the investigation continues.

### AFFIANT BACKGROUND

5. I am employed by the San Francisco Police Department ("SFPD") as a Sergeant and have been a San Francisco police officer since April of 1999. I am currently assigned to

SFPD's Narcotics Division and have been so assigned since March of 2023 and prior to that was a Sergeant at the Strategic Investigations/Homicide Detail for approximately nine years. I am also currently assigned as a Case Specific Task Force Officer ("TFO") to the DEA since October 19, 2023. I graduated from the Police Academy in April 1999. In the police academy, I completed the basic narcotics-related training course. I have also completed the following supplemental training related to narcotics investigations: Intelligence Fundamentals and Analysis Related to Narcotics Trafficking, Technology Threats and Trends in Narcotics Investigations, Narcotics Related Financial Investigations, Responding to Fentanyl and Other Current Drug Trends, Responding to Fentanyl Overdose cases, Narcotic Related Financial Investigations and Undercover Field Operations with an emphasis on Narcotics. I have training in Wall Stops and identifying subjects under the influence of narcotics, and Designer and Club Drug Training. I also attended the internal San Francisco Detective School, which has a component related to narcotics identification and investigations.

6. During my employment with the SFPD, I have participated in many controlled substance investigations either as a case agent or in a supporting role. I have spoken with or revied statements by confidential sources and witnesses who had personal knowledge regarding drug trafficking organizations. In addition, I have discussed the methods and practices used by drug traffickers with numerous law enforcement officers. I have also participated in many other aspects of drug investigations including, but not limited to, undercover operations, records research, and physical surveillance. I have also assisted in the execution of numerous federal and state search warrants and arrest warrants related to illegal activities involving controlled substances that resulted in the arrest of suspects and seizure of controlled substances. I have reviewed numerous reports related to drug investigations and arrests. I have also prepared search warrants and arrest warrants related to various crimes against persons investigations.

7. I am familiar with the facts and circumstances of this investigation through discussions with agents and officers from other law enforcement agencies, and review of records and reports relating to the investigation. Unless otherwise noted, wherever in this affidavit I

assert that a statement was made, the information was provided by a DEA agent or task force officer, law enforcement officer, or witness who had either direct or hearsay knowledge of that statement and to whom I or others have spoken, or whose reports I have read and reviewed. The statements recounted herein are stated in substance and in part unless otherwise indicated.

8. I am an "investigative or law enforcement officer of the United States" within the meaning of 18 U.S.C. § 2510(7). I am empowered by law to conduct investigations, execute search warrants, and make arrests for violations of federal law, including drug offenses.

## APPLICABLE STATUTES

9. Under Title 21, United States Code, §§ 841(a)(1), (b)(1)(C), possession with the intent to distribute a federally controlled substance is a felony punishable by up to twenty years imprisonment.

10. Under 21 C.F.R. § 1308.12, fentanyl is a Schedule II controlled substance.

## FACTS SUPPORTING PROBABLE CAUSE

11. On November 24, 2023, SFPD officers arrested CERRATO BARAHONA on the 600 block of Ellis Street between Hyde and Larkin Streets in the Tenderloin district of San Francisco, California, which is in the Northern District of California. Based on the facts described below, I have probable cause to believe that CERRATO BARAHONA violated 21 U.S.C. §§ 841(a)(1), (b)(1)(C), based on his possession with intent to distribute a mixture or substance containing a detectable amount of fentanyl.

12. Minutes before 12:41 p.m. on November 24, 2023, SFPD Officer Clifford was conducting surveillance with binoculars on the 600 block of Ellis Street between Hyde and Larkin Streets. Through his training and experience, he knew this block to be an "open-air drug market" at which narcotics of different kinds could be bought and sold at any time of the day or night.

13. Officer Clifford observed CERRATO BARAHONA standing on the southside of the 600 block of Ellis Street, west of Hyde Street, leaning against a parked vehicle. CERRATO

BARAHONA was looking around and surveying his surroundings in a hypervigilant manner, consistent with how narcotics dealers look for rival dealers, customers, and police.

14. At approximately 12:41 p.m., Officer Clifford observed an unknown white male approach CERRATO BARAHONA and begin to converse with him. The unknown male reached out a hand to CERRATO BARAHONA, and CERRATO BARAHONA handed him several pieces of a white substance. The unknown male then handed CERRATO BARAHONA U.S. currency. Based on his training and experience, Officer Clifford believed he had just observed a hand-to-hand narcotics transaction.

15. The unknown male walked away, and Officer Clifford described CERRATO BARAHONA to other officers, who arrived within minutes and arrested CERRATO BARAHONA without incident. During a search incident to arrest, officers found on CERRATO BARAHONA's person a white, chalk like substance inside of individual press locked baggies, a plastic container containing pieces of a white rock like substance, and another plastic container containing a brown tar like substance. Based on his training and experience and physical observations of the substances, Officer Clifford believed the three substances to be fentanyl, cocaine base, and heroin, respectively. CERRATO BARAHONA also had on his person $319 in U.S. currency.

16. Officer Clifford conducted TruNarc testing on the substances recovered from CERRATO BARAHONA. The white chalk like substance tested positive for fentanyl and had a gross weight of 2.6 grams, the white rock like substance tested positive for cocaine base and had a gross weight of 7.2 grams, and the brown tar like substance tested positive for heroin and had a gross weight of 4.5 grams.

17. Based on my training and experience and the totality of the circumstances I have probable cause to believe that CERRATO BARAHONA possessed the fentanyl found on his person for sale. Specific factors contributing to my conclusion regarding possession for sale are explained below.

18. The nature of the area is material to my belief that probable cause exists because

4

the 600 block of Ellis Street is well known to sellers, buyers, and law enforcement as an open-air drug market.

19. CERRATO BARAHONA's hypervigilance of his surroundings while loitering outside is material to my belief that probable cause exists because I, like Officer Clifford, know through my training and experience that narcotics dealers often engage in hypervigilance to identify both customers and threats to their illicit business from either rivals or law enforcement.

20. CERRATO BARAHONA engaging in an apparent hand to hand narcotics transaction minutes earlier is material to my belief that probable cause exists because CERRATO BARAHONA giving a white substance to an unknown male in exchange for money is consistent with his possessing narcotics for sale as opposed to for personal use.

21. CERRATO BARAHONA's possession of the fentanyl in individual press locked baggies is material to my belief that probable cause exists because I know from my training and experience that fentanyl dealers will often prepackage fentanyl for quick sale rather than having to weigh and package it when approached by a customer.

22. CERRATO BARAHONA's possession of three different types of controlled substances is material to my belief that probable cause exists because I know from my training and experience that narcotics dealers will often possess multiple types of controlled substances so that they are able to provide different customers with their drug(s) of choice.

23. Finally, CERRATO BARAHONA's possession of $319 in U.S. currency is material to my belief that probable cause exists because I know through my training and experience that street level drug dealing is accomplished almost entirely through cash transactions, so possession of a large amount of U.S. currency is consistent with a narcotics dealer having been paid by prior customers.

## CONCLUSION

24. Based on the foregoing information, there is probable cause to believe that on or about November 24, 2023, CERRATO BARAHONA violated 21 U.S.C. §§ 841(a)(1), (b)(1)(C), because he possessed with intent to distribute a mixture or substance containing fentanyl.

5

Accordingly, I respectfully request that the Court issue a criminal complaint and warrant for his arrest.

## REQUEST TO SEAL

25. Although CERRATO BARAHONA has been charged in San Francisco Superior Court, the DEA's federal criminal investigation of CERRATO BARAHONA is unknown to CERRATO BARAHONA and others.

26. It is my belief that prematurely revealing the specific details and facts in this affidavit may cause flight from prosecution, destruction of or tampering with evidence, intimidation of potential witnesses, and otherwise seriously jeopardize the investigation (e.g., prompting changes in behavior or notification of confederates). Accordingly, I request that the Court issue an order that the Complaint, this affidavit in support of the Complaint, arrest warrant, and the attachments thereto, along with the order itself, be filed under seal until further order of the Court.

/s/
DOMENICO DISCENZA
Task Force Officer
Drug Enforcement Administration

Sworn to before me over the telephone and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4 on this 12th day of January 2024.

HON. LISA J. CISNEROS
United States Magistrate Judge